IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ANTHONY B. SIMMONS**, as<br>Guardian of his minor sons,<br>“AS”, “SS”, and “DS”<br>2156 Sarkies Drive, NE<br>Warren, Ohio 44483<br><br>Plaintiff,<br><br>v.<br><br>**CITY OF WARREN**<br>391 Mahoning Avenue<br>Warren, Ohio 44483<br><br>and<br><br>**JEFFREY HOOLIHAN**<br>Individually, and in his official capacity<br>as a Warren Police Officer,<br>c/o City of Warren Police Department<br>141 South Street SE<br>Warren, Ohio 44483<br><br>and<br><br>**TIMOTHY BOWERS**<br>Individually, and in his official<br>capacity as Chief of Police,<br>c/o City of Warren Police Department<br>141 South Street SE<br>Warren, Ohio 44481<br><br>and<br><br>**WILLIAM D. FRANKLIN**<br>Individually, and in his official capacity<br>as Public Service and Safety Director,<br>City of Warren, Ohio,<br>c/o City of Warren | ) | CASE NO.<br><br>JUDGE |

391 Mahoning Avenue )
Warren, Ohio 44483 )
)
Defendants. )

**COMPLAINT**
**JURY DEMAND ENDORSED HEREON**

Now comes Plaintiff, Anthony B. Simmons, as Guardian of his three minor sons, "AS", "SS", and "DS", and for his Complaint against Defendants, states as follows:

Introduction

1. This action is brought on behalf of Anthony B. Simmons, as Guardian of his three children, who were held face-down at gunpoint in their own backyard while walking home from school by Officer Jeffrey Hoolihan of the City of Warren Police Department.

Parties

2. Plaintiff, Anthony B. Simmons ("Simmons"), is an African-American individual residing in Warren, Ohio, and father and Guardian of three minors "AS" (born 1999), "SS" (born 2001), and "DS" (born 2002). At all times relevant to this Complaint, all three children were residents of Warren, Ohio and were in the legal custody of Plaintiff. (The full names and dates of birth of the minors are partially redacted pursuant to Rule 5.2 of the Federal Rules of Civil Procedure).

3. Defendant City of Warren ("Warren") is a duly organized municipal corporation in the State of Ohio, and is a separate political subdivision pursuant to 42 U.S.C. §1983. Defendant Warren is the employer of Defendants Jeffrey Hoolihan, Timothy Bowers, and William D. Franklin.

4. At all times relevant to this Complaint, Defendant Jeffrey Hoolihan ("Hoolihan") was a police officer for the City of Warren and was acting under the color of state law for the purposes of this litigation. He is being sued in his individual as well as his official capacity.

5. At all times relevant to this Complaint, Defendant Timothy Bowers ("Bowers") was the Chief of Police for the City of Warren and was acting under the color of state law for purposes of this litigation. He is being sued in his individual as well as his official capacity.

6. At all times relevant to this Complaint, Defendant William D. Franklin ("Franklin") was the Public Service and Safety Director for the City of Warren and was acting under the color of state law for purposes of this litigation. He is being sued in his individual as well as his official capacity.

## Jurisdiction and Venue

7. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367, and 42 U.S.C. §§ 1983 and 1988.

8. This Court has pendent jurisdiction over the claims alleged herein that are brought under the laws of the State of Ohio.

9. Venue is proper herein because the events giving rise to Plaintiff's claims for relief occurred in Trumbull County, Ohio.

## Factual Allegations

10. On March 26, 2010, AS, SS, and DS, three African-American children residing in Warren, Ohio, were walking home from school. The children

walked through the yard of their neighbor's property and into the back yard of their home, located at 2156 Sarkies Drive NE.

11. The children went to the front door of their house and discovered it was locked. They went around the back of their house and tried to open the door of a neighbor's house, where their friend lived, but it was also locked. The neighbor's house was adjacent to the children's back yard, and their friend had also just returned home from school. The children went from the neighbor's house back home.

12. At that time and place, just as the children entered their back yard, Defendant Officer Hoolihan from the Warren Police Department came into their yard with his revolver drawn and aimed directly at the children. He yelled at the children to "Get down, down, down!"

13. The children immediately complied with Defendant Hoolihan's orders and were face down on the wet, muddy grass in their back yard.

14. Defendant Hoolihan, gun still drawn, asked the children where they lived and searched one of the boys' school bags.

15. At about that time, Plaintiff Simmons looked out of the back windows of his house at 2156 Sarkies Drive NE, Warren, Ohio, and saw Defendant Hoolihan standing over his children with his gun drawn. Plaintiff immediately went out into the yard, identified himself, and told Defendant Hoolihan that the children were his kids and lived at the residence.

16. Defendant Hoolihan left the scene after other police officers arrived, and Plaintiff Simmons helped his children off the ground. The children were mentally and emotionally distraught.

17. Upon information and belief, Defendant Hoolihan had called for backup police support immediately upon witnessing the African-American children in their back yard.

18. Plaintiff Simmons and his wife filed a written complaint with the City of Warren Police Department.

19. As a result of their complaint, Defendant Hoolihan merely received a written warning.

20. Defendant Bowers, the Chief of Police, stated to the media that the lenient punishment was due in part to Defendant Hoolihan's past service with the Police Department without incident.

21. Upon information and belief, Defendant Hoolihan has been the subject of at least one other complaint in the past in which he has used excessive, unwarranted force in the detention of an African-American minor.

22. As a result of the subject incident, all three children suffered severe, debilitating, and ongoing injury, emotional distress and harm, as well as medical expenses. Said damage to the children is ongoing and likely to be permanent.

23. Defendant Hoolihan, without reason, right, privilege, consent, legal justification, probable cause or excuse, used unnecessary and excessive force

against Plaintiff's children, causing them injury, fear, discomfort and extreme anxiety and emotional distress.

24. Defendant Hoolihan unlawfully and in violation of the Constitution and laws of the United States and State of Ohio, profiled Plaintiff's children based upon their race.

25. Defendant's Hoolihan's actions as described herein were done in a seriously reckless, wanton, intentional, and outrageous manner, and with deliberate indifference to and disregard for the clearly established Constitutional rights of Plaintiff's children.

26. Defendants Warren, Bowers, and Franklin failed, and continue to fail, to properly train, supervise, counsel and/or discipline police officers of the Warren Police Department, including Defendant Hoolihan, including, but not limited to, in the proper use of force, respect for Constitutional rights of minority citizens, and dealing with minors. Said failures by Defendants proximately caused the harm to Plaintiff's children as described herein.

27. Through intent, negligence, gross negligence, or deliberate indifference, Defendants Warren, Bowers, and Franklin have directly or indirectly created, maintained and implemented a plan, program, policy, rule, regulation, and procedure of abuse of select citizens through unconstitutional police misconduct that allows and fosters an atmosphere in which the police officers of the Warren Police Department, including Defendant Hoolihan, engage in unconstitutional and unlawful behavior as described in this Complaint.

28. Upon information and belief, Defendants, and other police officers and employees of the City of Warren, have been subject to and named as parties in numerous lawsuits and citizen complaints alleging repeated instances of racial profiling and discrimination, and the use of excessive and illegal force. Defendants have failed and/or refused to take corrective action, and Defendants have condoned, justified, and/or tacitly approved the same type of misconduct as alleged in the instant Complaint.

## First Claim for Relief
## 42 U.S.C. §1983 – Defendant Hoolihan

29. Plaintiff repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 28 as if fully rewritten herein.

30. Defendant Hoolihan, acting under the color of state law, used excessive force on Plaintiff's children without just and legal cause or excuse, thereby violating Plaintiff's children's rights under the laws and Constitution of the United States, in particular the Fourth and Fourteenth Amendments.

31. Defendant Hoolihan, acting under the color of state law, profiled Plaintiff's children on the basis of their race, in violation of the laws and Constitution of the United States, in particular their rights under the Fourteenth Amendment to due process and equal protection.

32. Defendant Hoolihan, acting under the color of state law, seized Plaintiff's children without a warrant, without probable cause or reasonable suspicion that a crime had been, was being, or would be committed, in violation of the laws and Constitution of the United States, in particular their rights under

the Fourth Amendment to be free of unreasonable and warrantless police seizures.

33. All of said actions by Defendant Hoolihan have deprived Plaintiff's children of their rights secured by the Constitution and laws of the United States, in violation of 42 U.S.C. §§1983 and 1988.

34. As a direct and proximate result of Defendant Hoolihan's violation of Plaintiff's children's clearly established Constitutional rights, as described herein, Plaintiff's children have suffered, and continue to suffer, serious injury, emotional distress and anxiety, as well as medical expenses, and are thus entitled to damages.

Second Claim for Relief
42 U.S.C. §1983 – Defendants Warren, Bowers, Franklin

35. Plaintiff repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 34 as if fully rewritten herein.

36. Defendant Warren is and was at all times relevant hereto the employer of Defendants Bowers and Franklin.

37. Defendants Bowers and Franklin are both policy makers and final decision-makers for the City of Warren under 42 U.S.C. §1983.

38. Defendants Warren, Bowers and Franklin failed to provide adequate training and supervision, as well as sufficient discipline, regarding the appropriate measures to be taken by the city's police officers, including Defendant Hoolihan, as it pertains to the nature and amount of appropriate force to use during a police encounter, dealing with minority citizens of the city, and dealing with minors.

39. Defendants Warren, Bowers and Franklin failed and continue to fail to appropriately enforce the requisite Constitutional standards, procedures established by federal law, Ohio law, and the City of Warren Police Department regulations, as it pertains to the nature and amount of appropriate force to use during a police encounter, dealing with minority citizens of the city, and dealing with minors.

40. Despite repeated and numerous previous instances of lawsuits and citizen complaints from citizens alleging racial profiling and/or excessive use of force by police officers, Defendants Warren, Bowers and Franklin have condoned and/or justified, or at a minimum tacitly approved, the same type of misconduct, including the actions of Defendant Hoolihan described herein.

41. The failures of Defendants Warren, Bowers and Franklin amounts to a policy of deliberate indifference to the safety and lives of the citizens of the City of Warren. This policy has resulted in the unconstitutional acts and conduct undertaken herein by Defendant Hoolihan towards Plaintiff's children, and as such represents the direct and proximate cause of Plaintiff's children's injuries.

42. Defendants Bowers and Franklin, as supervisory personnel with decision-making authority, either knew or should have known of the repeated unlawful acts and unconstitutional practices of Defendant Hoolihan and other Warren Police Department officers. Defendant Hoolihan should have been disciplined for his known, prior, similar misconduct before this incident, and as such, the failures of Defendant represent the direct and proximate cause of Plaintiff's children's injuries and damages.

43. By these actions, Defendants have deprived Plaintiff's children of their rights secured by the Constitution and laws of the United States, in violation of 42 U.S.C. §§1983 and 1988.

44. As a direct and proximate cause of Defendants Warren, Bowers, and Franklin's violation of Plaintiff's children's clearly established Constitutional rights, as described herein, Plaintiff's children have suffered, and continue to suffer, serious injury, emotional distress and anxiety, as well as medical bills and expenses, and are thus entitled to damages.

Third Claim for Relief
Intentional Infliction of Emotional Distress – Defendant Hoolihan

45. Plaintiff repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 44 as if fully rewritten herein.

46. Defendant Hoolihan's conduct described herein was extreme and outrageous, beyond all possible bounds of decency, and intolerable in a civilized community.

47. Defendant Hoolihan knew or should have known that, as a result of his outrageous conduct, that Plaintiff's children would be subjected to severe mental and emotional distress, pain and suffering. Defendant Hoolihan acted intentionally, willfully, maliciously and purposely, or with reckless disregard for the rights and safety of Plaintiff's children.

48. The actions of Defendant Hoolihan were the direct and proximate cause of harm to Plaintiff's children, including but not limited to severe emotional distress and anxiety, as well as medical bills and expenses.

49. The emotional distress suffered by Plaintiff's children was severe and of a nature that no reasonable person should be expected to endure.

Fourth Claim for Relief
False Arrest – Defendant Hoolihan

50. Plaintiff repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 49 as if fully rewritten herein.

51. Defendant Hoolihan maliciously, intentionally, forcibly and with coercion deprived Plaintiff's children of their liberty without any lawful justification and/or probable cause. Such actions constitute false arrest.

52. As a direct and proximate result of Defendant Hoolihan's actions, Plaintiff's children have suffered, and continue to suffer, serious injury, emotional distress and anxiety, as well as medical bills and expenses, and are thus entitled to damages.

WHEREFORE, Plaintiff, Anthony B. Simmons, as Guardian of his minor children, "AS", "SS", and "DS", demands judgment against Defendants as follows:

A. First Claim for Relief – Plaintiff demands judgment against Defendant Jeffrey Hoolihan for compensatory damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), which a jury shall determine will fully, fairly, and reasonably compensate him for the loss and damage to his minor children; punitive damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), to be determined by a jury; and attorneys' fees, costs and any other relief this Court may deem is fair and equitable.

B. Second Claim for Relief -- Plaintiff demands judgment against Defendants City of Warren, Timothy Bowers, and William D. Franklin for compensatory damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), which a jury shall determine will fully, fairly, and reasonably compensate him for the loss and damage to his minor children; punitive damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), to be determined by a jury; and attorneys' fees, costs and any other relief this Court may deem is fair and equitable.

C. Third Claim for Relief -- Plaintiff demands judgment against Defendant Jeffrey Hoolihan for compensatory damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), which a jury shall determine will fully, fairly, and reasonably compensate him for the loss and damage to his minor children; punitive damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), to be determined by a jury; and attorneys' fees, costs and any other relief this Court may deem is fair and equitable.

D. Fourth Claim for Relief -- Plaintiff demands judgment against Defendant Jeffrey Hoolihan for compensatory damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), which a jury shall determine will fully, fairly, and reasonably compensate him for the loss and damage to his minor children; punitive damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), to be determined by a jury; and attorneys' fees, costs and any other relief this Court may deem is fair and equitable.

/s/ Andrew J. Thompson
Andrew J. Thompson (0071530)
DUBYAK CONNICK THOMPSON & BLOOM, LLC
3401 Enterprise Parkway, Suite 205
Cleveland, Ohio 44122
(216) 364-0500
(216) 364-0505 (facsimile)
andrew@dctblaw.com

Attorney for Plaintiff
Anthony B. Simmons, Guardian

**JURY DEMAND**

Plaintiff hereby requests a jury in the manner specified by law.

/s/ Andrew J. Thompson
Andrew J. Thompson (0071530)